UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert W. CLAYTON, and Morris Paskel Lamunyon, Defendants-Appellants.

No. 78–5018.

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1979.

J. Louis Wilkinson, Birmingham, Ala., for defendants-appellants.

J. R. Brooks, U. S. Atty., Herbert H. Henry, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before WISDOM, GODBOLD and TJO-FLAT, Circuit Judges.

PER CURIAM:

The appellants were indicted and convicted on a charge that, aided and abetted by each other, they knowingly made a materially false statement in an application for a bank loan. Defendant Lamunyon was chairman of the County Commission, the governing body of DeKalb County, Alabama. Defendant Clayton was a salesman of heavy machinery and equipment and also a principal in a company which sought and obtained a contract with DeKalb County for solid waste disposal in the county. To perform the contract Clayton's waste disposal company needed a front end loader. As salesman he handled a purported sale of the loader to DeKalb County. As principal of the waste company he arranged a bank loan, purportedly to DeKalb County, to finance the full purchase price, with DeKalb County as the obligor thereon. Lamunyon executed the note to the bank in the name of the county. At Lamunyon's request Clayton cosigned in the name of the waste disposal company.

The only issue on appeal is sufficiency of the evidence. Four false statements were charged. We need to discuss only the charge that the defendants "stated and represented that one of the borrowers on said loan was DeKalb County, Alabama." Clayton did make such a representation. In fact, he represented to the bank that the county would be the owner of the loader for the five-year term of the note, and the bank required that the note be executed by the county because it would be such owner. Clayton cosigned not because the bank required it but because Lamunyon requested it as a demonstration of Clayton's "good faith." The bank disbursed the loan proceeds to the company for which Clayton was salesman but only after receipt from Lamunyon of a letter, signed by him as chairman of the County Commission, authorizing this disbursement.

There is a substantial dispute over whether the County Commission took official action to authorize the county to become the owner of the loader and of the sufficiency of evidence tending to show that a resolution purporting to show such action was never adopted. We need not resolve these issues. Regardless of whether the County Commission properly took official action to authorize the county's acquiring title to the loader, the evidence adequately supports a conclusion that DeKalb County was not a bona fide borrower on the bank loan, was never intended by either Clayton or Lamunyon to be a borrower or to have any actual liability on the note, and that its presence in the transaction was merely as an accommodation signatory, and that the obligation to the bank for repayment of the borrowed funds was to be only that of Clayton's waste company, to be paid by it out of monthly payments to be received from the county under the waste disposal contract. The loan was shown on the bank's books as a loan to the county. It issued a monthly payment book in the name of the county, in which a record of monthly payments could be maintained. Lamunyon turned the book over to Clayton and Clayton made regular monthly payments as provided by the note and recorded them in the payment book. In short, the evidence adequately supported a jury conclusion that Clayton and Lamunyon arranged for Clayton to use the bank's credit by representing that the county was a borrower when in fact it was not a borrower and did not intend to be obligated.

The contract between Clayton's waste disposal company and the county was entered into after the prior contractor had defaulted and abandoned the job and the county was in a state of emergency to secure a successor. There is no evidence that Clayton paid or Lamunyon received any kickback or that Lamunyon had any connection with Clayton's company. Neither the county nor the bank is shown to have suffered any loss. Clayton made the monthly payments on the loan and at the time of trial only the 60th and last payment remained unpaid. His company performed the services under the contract sufficiently well that DeKalb County received an award for its waste removal program. At the time of trial Clayton's company was still the contractor. Nevertheless, the government established that, for whatever reasons, Clayton and Lamunyon, aided and abetted by each other, represented to the bank that DeKalb County was a borrower on the loan and that this representation was made for the purpose of influencing the action of the bank to approve the loan.

The convictions must be, and are, AFFIRMED.